IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PETTINARO ENTERPRISES, LLC; <br> VERINO AND KATHRYN PETTINARO; <br> and STAR BUILDING, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CONTINENTAL CASUALTY COMPANY, <br><br> Defendant. | C.A. No. 09-139-GMS |

## MEMORANDUM

### I. INTRODUCTION

On January 29, 2009, Pettinaro Enterprises, LLC, Verino and Kathryn Pettinaro, and Star Building, LLC (collectively, the "plaintiffs") filed an action against defendant Continental Casualty Company (the "defendant") in the Superior Court of the State of Delaware for breach of contract and declaratory judgment regarding the denial of an insurance coverage claim involving a $100 million property insurance policy. (D.I. 1, Ex. A.) The action was removed to this court on March 4, 2009 pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Presently before the court is the plaintiffs' motion for leave to file an amended complaint (D.I. 73). For the reasons that follow, the court will grant the plaintiffs' motion.

## II. BACKGROUND

The plaintiffs filed their complaint on January 29, 2009, alleging that the defendant wrongfully denied the plaintiffs' insurance claim for property damage resulting from two fires that occurred at 123 South Justison Street, Wilmington, Delaware 19801 (the "Property") on April 12 and April 16, 2007. (D.I. 1, Ex. A at ¶¶ 4-8 .) The defendant originally issued the plaintiffs an insurance policy on March 1, 2006 and renewed the policy on March 1, 2007 based in part upon the plaintiffs' representations that the Property featured a working sprinkler system and was occupied by a commercial tenant. (D.I. 76 at 2.) According to the defendant, the insurance policy excluded from coverage any loss or damage caused by vandalism or arson in situations where the property was vacant at least sixty days before the fire. (Id. at 3.) The defendant alleges that the Property had been abandoned since June of 2005 and the sprinkler system was not operational. (Id.)

The Wilmington Fire Marshal's Office ("WFMO") and the Bureau of Alcohol, Tobacco & Firearms ("ATF") investigated the cause of the fires, (D.I. 76 at 3), and the plaintiffs notified the defendant of the loss suffered following the April 16 fire (D.I. 74 at 3). Soon after receiving notice of the fires, the defendant advised the plaintiffs that it would cooperate and meet with the WFMO and ATF officials regarding their investigation. (D.I. 76 at 4.) However, the plaintiffs contend that they only learned about the nature and content of meetings between the defendant and the WFMO and ATF officials during their depositions of the WFMO and ATF officials that took place on February 23, 2010 and March 5, 2010. (D.I. 74 at 10.) In a September 3, 2008 letter to the plaintiffs, the defendant concluded that the fire was caused by arson or vandalism and refused to compensate the plaintiffs for their loss. (D.I. 74 at 3.)

By way of their motion for leave to amend, the plaintiffs seek to add claims for bad faith and breach of the implied covenant of good faith and fair dealing based on facts discovered during the deposition phase of discovery. (D.I. 73, Ex. 1.) Specifically, the plaintiffs allege that shortly after the fires, but prior to the release of WFMO's investigation report, representatives of the defendant began to meet in secret with representatives of WFMO and ATF to discuss the status of the case and to improperly influence the agencies investigating the fire. (D.I. 74 at 3-4.) According to the plaintiffs, the defendant's misconduct in this case is further evidenced by the dearth of written communications, notebooks, photo logs and scene diagrams normally kept by the WFMO and ATF investigators during the course of a typical investigation. (D.I. 74 at 7-8.) Although the defendant alleges that all reports regarding the origin of the fire conclude that the fire was intentionally set, (D.I. 76 at 5), the plaintiffs note that the investigators never ruled out the possibility that the fires were accidental (D.I. 74 at 5).

## III. STANDARD OF REVIEW

Because the plaintiffs' motion for leave to amend was filed after the deadline for filing amended pleadings expired,[1] the court must consider the request to amend in light of both Federal Rule of Civil Procedure 15(a) and Federal Rule of Civil Procedure 16(b). Rule 15 permits a party to amend a pleading with consent of the other parties or leave of court at any time during the proceedings. The rule further provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] court should deny leave to amend if the moving party is guilty of undue delay, bad faith, dilatory motive, prejudice, or his or her amended claims are futile." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

---

[1] The court required requests to amend pleadings to be filed by August 17, 2009. (D.I. 8.)

3

"Amendment of the complaint is futile if the amendment will not cure a deficiency in the original complaint or if the amended complaint cannot withstand a motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

The Third Circuit recognizes that motions to amend which operate to change the scheduling order are controlled by Federal Rule of Civil Procedure 16(b). *See E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 & n.18 (3d Cir. 2000). Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). In this district, " '[g]ood cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Gonzalez v. Comcast Corp.*, C.A. No. 03-455-KAJ, 2004 WL 2009366 (D. Del. Aug. 25, 2004) (citation omitted); *see also* 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1522.1, at 230-31 (2d ed. 1990). "In contrast to Rule 15(a), the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party." *Roquette Freres v. SPI Pharma, Inc.*, C.A. No. 06-540-GMS, 2009 WL 1444835, at *4 (D. Del., May 21, 2009).

## IV. DISCUSSION

By their motion for leave to amend, the plaintiffs contend that they have established the requirements of both Rule 16(b) and Rule 15(a). Specifically, the plaintiffs contend that they have demonstrated good cause for leave to amend because the proposed amendments are based upon information gained through depositions that took place after the deadline to amend the pleadings expired, and the plaintiffs promptly filed their motion for leave to amend thereafter. (D.I. 74 at 17-18.) The plaintiffs maintain that the defendant will not be prejudiced by the

amended complaint because the trial is not until February 14, 2011, giving the defendant plenty of time to prepare a defense to the allegations of bad faith and respond to limited additional discovery. (Id. at 10-11.) Moreover, the plaintiffs maintain that the proposed amendments are not futile. (Id. at 12.)

The defendant responds that the plaintiffs fail to show good cause for leave to amend because they had access to all of the information contained in the proposed amendments prior to the deadline to amend the pleadings. (D.I. 76 at 7.) Furthermore, the defendant contends that the plaintiffs bring their motion for leave to amend in bad faith by misrepresenting the factual record regarding their knowledge of communications between the defendant and the WFMO and ATF investigators. (D.I. 76 at 10.) According to the defendant, it will be prejudiced by the proposed amendments because further discovery will likely be burdensome and one key witness, Inspector Brian P. Waynant of the WFMO ("Inspector Waynant"), has since passed away. (Id. at 12-13.) The defendant further contends that the plaintiffs' proposed bad faith claim is futile because the defendant's communications with the WFMO and ATF investigators are protected by the Delaware Arson Reporting Immunity Act ("DARIA"). (Id. at 14-16.) Moreover, the defendant points out that it denied the plaintiffs' claim on multiple grounds besides arson, and the plaintiffs' bad faith claim will fail unless the plaintiffs can show that all of the defendant's grounds for denying the claim lack a reasonable basis. (Id. at 18.)

The court concludes that the plaintiffs have demonstrated good cause to file an amended complaint because the amendment could not have been made before the August 17, 2009 pleading deadline. Although the plaintiffs were aware of the possibility of communications taking place between the defendant and the WFMO and ATF investigators substantially before

the pleading deadline, the specific nature of those communications was not apparent to the plaintiffs until after the pleading deadline when the depositions were taken. Once the plaintiffs discovered that the defendant and the WFMO and ATF investigators held meetings without the plaintiffs' knowledge or consent, the plaintiffs acted quickly in filing the instant motion to amend.

Turning to Rule 15(a), the court concludes that the defendant will not be unduly prejudiced if the plaintiffs are granted leave to amend. To prove undue prejudice, the non-movant "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (internal quotations ommitted). The defendant's arguments regarding prejudice primarily relate to the fact that additional discovery would be burdensome and Inspector Waynant is no longer available as a witness. The court concludes that any prejudice to the defendant does not warrant the denial of leave to amend because the defendant presumably possesses extensive information about its previous interactions with Inspector Waynant. Moreover, considering that the additional discovery sought by the plaintiffs is likely already in the defendant's possession, the court finds that little prejudice will result from re-opening discovery for the limited purpose of obtaining additional information on these claims. The court also finds no bad faith or dilatory motives on the part of the plaintiffs. Although the plaintiffs were aware that the defendant agreed to cooperate with the WFMO and ATF investigators, the plaintiffs did not necessarily have knowledge of the specific nature of those communications.

Furthermore, the court is not persuaded at this stage of the proceedings that the proposed

amendments are futile. The court treats a futility challenge like a motion to dismiss pursuant to Rule 12(b)(6). *Satellite Fin. Planning Corp. v. First Nat'l Bank of Wilmington*, 646 F. Supp. 118, 120 (D. Del. 1986). The court, therefore, accepts all well pleaded facts in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). The court concludes that the plaintiffs' amended complaint sufficiently sets forth additional claims upon which relief can be granted pursuant to 12(b)(6). In their amended complaint, the plaintiffs contend that the defendant secretly met with the WFMO and ATF investigators for the improper purpose of influencing the investigation. (D.I. 73, Ex. 1 at ¶¶ 22-23.) These facts, taken as true, support the plaintiffs' claims for bad faith and breach of the implied covenant of good faith and fair dealing. Accordingly, the court will grant the plaintiffs' motion for leave to amend.

## V. CONCLUSION

For the reasons stated above, the plaintiffs' motion for leave to amend the complaint (D.I. 73) is granted. An appropriate order shall issue.

Dated: October 29, 2010

_____
CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PETTINARO ENTERPRISES, LLC;<br>VERINO AND KATHRYN PETTINARO;<br>and STAR BUILDING, LLC,<br><br>   Plaintiffs,<br><br>  v.<br><br>CONTINENTAL CASUALTY<br>COMPANY,<br><br>   Defendant. | C.A. No. 09-139-GMS |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The plaintiff's motion to amend the complaint (D.I. 73) is GRANTED.

Dated: October 29, 2010

_____
CHIEF, UNITED STATES DISTRICT JUDGE